NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAVIER RENDON, <br><br> Plaintiff, <br> v. <br><br> BRIAN FISHMAN; PHELAN HALLINAN DIAMOND & JONES, P.C., and SANTANDER BANK, N.A., <br><br> Defendants. | Civil Action No.: 2:19-cv-20290 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on two separate motions to dismiss *pro se* Plaintiff Javier Rendon's ("Plaintiff") Complaint (ECF No. 1, "Compl."): (1) Defendants Brian Fishman, Esq. and Phelan Hallinan Diamond & Jones, P.C.'s ("PHD&J") (together, the "Phelan Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 6); and (2) Defendant Santander Bank, N.A.'s ("Santander") motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (ECF No. 10). Plaintiff did not file an opposition to either motion. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, both motions to dismiss are GRANTED.

I. **BACKGROUND**

A. **Factual Background**[1]

On June 1, 2006, Plaintiff and an individual named Piedad Rendon[2] executed a promissory Note with First Hallmark Mortgage Corporation ("First Hallmark") for a loan in the sum of $274,000. ECF No. 6-1, Exhibit A. To secure the loan, Plaintiff, Piedad Rendon, and Renata Bielecka, who later changed her name to Renata Rendon,[3] (together, the "Borrowers") also executed a Mortgage with First Hallmark for a property located at 487 Highland Avenue, Clifton, NJ 07011 (the "Property"). ECF No. 6-1, Exh. B; *see* Compl. at 3 ("I executed & closed a refinance mortgage on June 1, 2006 with my lender of record First Hallmark Mortgage Company[.]"). First Hallmark ultimately assigned the Mortgage to Sovereign Bank, N.A., on September 18, 2012. ECF No. 6-1, Exh. F.

The Phelan Defendants allege that the Borrowers thereafter defaulted on their loan obligations to Sovereign Bank, N.A. ECF No. 6 at 4, ¶ 8. On March 22, 2013, Sovereign Bank, N.A., through its legal counsel, Defendant PHD&J, filed an action to foreclose the Property in the Superior Court of New Jersey (the "Foreclosure Action"). ECF No. 6-1, Exh. G. After the Borrowers failed to respond in the Foreclosure Action, default was entered on July 3, 2013. Id., Exh. H. The Phelan Defendants allege that, thereafter, Sovereign Bank, N.A. changed its name to

---

[1] Allegations in the Complaint are supplemented with information from the Phelan Defendants' motion to dismiss. ECF No. 6. When deciding a motion to dismiss, in addition to considering the allegations in the Complaint, the Court may also consider matters of public record. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.").

[2] Neither the Complaint nor the motions to dismiss explain Piedad Rendon's relationship to Plaintiff. However, this fact is not material to the instant motions.

[3] Neither the Complaint nor the motions to dismiss explain Renata Bielecka's relationship to Plaintiff. This fact is also not material to the instant motions.

Santander Bank, N.A. ECF No. 6 at 5, ¶ 11.  On January 31, 2014, the Superior Court granted a motion to substitute the name of the foreclosure plaintiff from Sovereign Bank, N.A. to Santander Bank, N.A. ("Santander"). ECF No. 6-1, Exh. J.

On April 19, 2018, the Superior Court granted a final judgment of foreclosure in favor of Santander (the "Final Judgment"). Id., Exh. K.  The Superior Court ordered that:  (1) Santander was entitled to $413,330 plus interest and counsel fees; (2) the Property "be sold to raise and satisfy the several sums of money due [to Santander];" (3) an execution be duly issued to the Sheriff of Passaic County, commanding said Sheriff to sell the Property; and (4) the Borrowers be "absolutely debarred and foreclosed of and from all equity of redemption of, in and to [the Property]." Id., Exh. K.  The Phelan Defendants allege that a sheriff's sale of the Property was originally scheduled for June 12, 2018, but that the sale was adjourned twice by the Borrowers. ECF No. 6 at 5, ¶ 14.  The sheriff's sale was further delayed by Plaintiff's filing of three petitions for bankruptcy protection, all of which were eventually dismissed. ECF No. 6-1, Exhs. L, M, N. A sheriff's sale of the Property took place on November 13, 2018 (the "Foreclosure Sale"). Compl. at 3 ("The Date 11/13/2018 sheriff sale done . . .").  Santander purchased the Property at the sale and a sheriff's deed was delivered to Santander on December 19, 2018. ECF No. 6-1, Exh. O.  On December 24, 2018, the Superior Court entered a writ of possession in favor of Santander. Id., Exh. P.

According to the Phelan Defendants, the sheriff of Passaic County originally scheduled an eviction for March 19, 2019 but that the eviction was stayed because one of the Borrowers, Renata Rendon, filed two Chapter 13 Bankruptcy Petitions. ECF No. 6 at 5, ¶¶ 20–22.  Following the dismissal of Renata Rendon's second bankruptcy filing (ECF No. 6-1, Exh. Q) and an order of *in rem* relief from any bankruptcy stays to Santander (id., Exh. R.), the Superior Court entered a writ of possession in favor of Santander on October 1, 2019. Id., Exh. T.  Defendant Brian Fishman,

Esq. issued a certification in support of the issuance of the writ of possession, in which he certified that he was an attorney and member of PHD&J. Id.  An eviction of Plaintiff and all occupants from the Property was scheduled for November 18, 2019. Compl. at 3 ("on Nov 18, 2019 they are try[ing] to evict to gain possession").

After the eviction was scheduled, Plaintiff filed an emergent motion in the Superior Court of New Jersey, Chancery Division, seeking to stay the eviction, which was denied on November 15, 2019. ECF No. 6-1, Exh. U.  On November 19, 2019, Plaintiff sought leave to file an emergent motion with the Superior Court of New Jersey, Appellate Division, to stay the eviction. Id., Exh. V.  The Appellate Division denied Plaintiff's request the same day because Plaintiff "never appealed the final judgment of foreclosure and waited until the day after the lockout to seek emergent relief in the Appellate Division." Id., Exh. V.  Plaintiff also filed a request for permission to file an emergent motion in the New Jersey Supreme Court, which the Supreme Court denied on November 20, 2019. Id., Exh. W.

The eviction took place on November 20, 2019. *See* Order Denying Defendant's Motion to Challenge Court's Jurisdiction, *Santander Bank, N.A. v. Javier Rendon, et al.*, No. 9838-13 (N.J. Sup. Ct. Ch. Div., Passaic Cty. Jan. 27, 2020) (denying plaintiff's motion to challenge the Superior Court's jurisdiction because "[a]pplication is moot. *Eviction has taken place on Nov. 20, 2019 . . .*") (emphasis added).

### B.   Procedural History

On November 14, 2019, Plaintiff filed the instant Complaint seeking to challenge the Foreclosure Action. ECF No. 1.  The Complaint, titled "Complaint for Wrongful Foreclosure and Breach of Contract," contains thirteen claims:  (1) breach of contract; (2) "scheme to defraud," alleging violation of the Truth in Lending Act, Regulation Z ("TILA"); (3) "detrimental reliance"; (4) "unlawful deception in the original action"; (5) violation of the Racketeer Influenced and

4

Corrupt Organizations Act ("RICO"); (6) wrongful foreclosure; (7) "slander of title"; (8) violation of the New Jersey Consumer Protection Act; (9) "slander of credit"; (10) "lawful challenge"; (11) "failure to establish[] agency"; (12) "legal prejudice"; and (13) "fraudulent civil action was filed in state court." Compl. at 5–18.  The Complaint generally alleges that there was no basis for foreclosure and that Defendants committed fraud by instituting the Foreclosure Action. *See* Compl. at 5–18.  Plaintiff also makes the following allegations:  (1) the promissory Note was illegitimate (id. at 13–14); (2) Defendants gave Plaintiff "a fake loan," (id. at 9); (3) Defendants never gave Plaintiff a loan and defrauded the Plaintiff (id. at 15); and (4) Defendants failed to verify the loan at issue during the Foreclosure Action. Id. at 7 ("The wrongful foreclosure is Void, as it did not contain the legal documents to verify a loan."); id. at 11 ("The original contract and an accounting of the loan entries was never filed in the wrongful foreclosure case.").  Plaintiff asks the Court to void the Foreclosure Sale, discharge the debt, and award Plaintiff compensatory and punitive damages in the amount of $5.5 million plus additional consequential damages. Id. at 18.

On December 6, 2019, the Phelan Defendants filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that:  (1) the Complaint fails to state a cognizable claim; (2) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine; and (3) Plaintiff's claims are barred by the doctrines of *res judicata*, collateral estoppel, and Entire Controversy. ECF No. 6.  Plaintiff failed to file an opposition within fourteen days as required by Local Civil Rule 7.1(d), nor did he request an extension to file an opposition.  On April 14, 2020, this Court entered an order directing Plaintiff to file an opposition to the Phelan Defendants' motion within sixty days. ECF No. 9.  Plaintiff did not file an opposition, and on August 25, 2020, the Phelan Defendants' motion was reinstated as unopposed. ECF 10.

On October 10, 2020, Defendant Santander filed a motion to dismiss under Rule 12(b)(1), arguing that the Court lacks subject matter jurisdiction over this matter pursuant to the *Rooker-*

*Feldman* doctrine, and under Rule 12(b)(6), arguing that Plaintiff's claims are barred by New Jersey's Entire Controversy Doctrine. ECF No. 10. Plaintiff also did not file an opposition to Santander's motion to dismiss.

## II. LEGAL STANDARD

### A. Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(1)

A court must grant a motion to dismiss under Rule 12(b)(1) if it determines that it lacks subject matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "Generally, where a defendant moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *2 (D.N.J. Apr. 18, 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

### B. Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Factual allegations must support a right to relief that is more than speculative. *Twombly*, 550 U.S. at 555. A complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement,'" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). The party seeking dismissal under Rule 12(b)(6) bears the burden of demonstrating that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

### C. Liberal Pleading Standard for *Pro Se* Litigants

*Pro se* complaints are liberally construed and held to less stringent standards than pleadings drafted by lawyers. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (2013) ("[P]*ro se* litigants still must allege sufficient facts."). A *pro se* complaint will be dismissed if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mishra v. Fox*, 197 F. App'x 167, 168 (3d Cir. 2006) (citation omitted).

## III. DISCUSSION

The Defendants make three overarching arguments in support of their motions to dismiss Plaintiff's Complaint. First, both the Phelan Defendants and Santander argue that the Complaint should be dismissed pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. ECF No. 6 at 18–19; ECF No. 10 at 4–6. Second, the Phelan Defendants argue that the Complaint should be dismissed under Rule 12(b)(6) for failure to state a cognizable claim. ECF No. 6 at 16–17. Third, both the Phelan Defendants and Santander argue that the Complaint must be dismissed under Rule 12(b)(6) because Plaintiff's claims are barred by New Jersey's Entire Controversy Doctrine. ECF No. 6 at 19–21; ECF No. 10 at 6–8.[4] The Court agrees and addresses each argument in turn.

### A. Lack of Subject Matter Jurisdiction

The *Rooker-Feldman* doctrine precludes "lower federal court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a state's courts."

---

[4] The Phelan Defendants also argue that Plaintiff's claims are barred by *res judicata* and collateral estoppel. ECF No. 6 at 19–21. Because the Court finds that dismissal is appropriate due to the absence of subject matter jurisdiction—and in the alternative for failure to state a claim and by application of the Entire Controversy Doctrine—the Court need not reach Defendants' *res judicata* and collateral estoppel arguments. *See Petraglia v. U.S. Bank, N.A.*, No. 17-6325, 2018 WL 355146, at *4 (D.N.J. Jan. 9, 2018); *Sheldrick v. Wells Fargo Bank, N.A.*, No. 16-2797, 2016 WL 7325473, at *5 n.6 (D.N.J. Dec. 16, 2016). Nevertheless, *res judicata* and collateral estoppel may also bar the Plaintiff's claims.

7

*Parkview Assocs. Pshp. v. City of Leb.*, 225 F.3d 321, 325 (3d Cir. 2000) (quoting *Gulla v. North Strabane Township*, 146 F.3d 168, 171 (3d Cir. 1998)).  The doctrine is applicable to "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  The Court finds that this case meets all four prongs of the *Rooker-Feldman* doctrine.

The first and third prongs are satisfied because, as detailed above, the Superior Court entered its Final Judgment against Plaintiff on April 19, 2018, whereas Plaintiff did not file the instant Complaint until November 14, 2019. ECF No. 1.

The second prong is also satisfied because Plaintiff's claims concern injuries caused by the Final Judgment. *See* Compl. at 3–18.  This Court recently held that the second *Rooker-Feldman* prong is satisfied where, like here, "[a]lthough it [wa]s difficult to discern the basis for Plaintiffs' claims, the gravamen of the complaint appear[ed] to be that [the] [d]efendants did not have a right to pursue [a] [f]oreclosure [a]ction and [] sheriff's sale." *Khan v. JP Morgan Chase N.A.*, No. 20-873, 2020 WL 5798781, at *2 (D.N.J. Sept. 29, 2020).  Courts in this Circuit have consistently held that claims like Plaintiff's, which "impugn the validity of a mortgage and therefore 'negate the foreclosure judgment' are barred under *Rooker-Feldman*, since those claims are 'inextricably intertwined' with the foreclosure action itself." *Dunbar v. Nationstar Mortg., LLC*, No. 16-4259, 2016 WL 6804874, at *2 (D.N.J. Nov. 16, 2016) (quoting *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009)); *see Ezell v. JPMorgan Chase Bank Nat'l Ass'n*, No. 18-1407, 2020 WL 525899, at *5 (D.N.J. Jan. 31, 2020) ("[C]ourts in this district have consistently found that the *Rooker-Feldman* doctrine prohibits claims in a federal action that challenge the validity of the mortgage or the right to foreclose.").  Likewise, the Third Circuit has applied *Rooker-Feldman* where, as here, a plaintiff

8

alleges fraud by a mortgagor and seeks rescission of the mortgage. *See Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005).

Finally, the fourth prong is met because Plaintiff is asking this Court to reject the Final Judgment by voiding the Foreclosure Sale and discharging Plaintiff's debt. *See* Compl. at 18.[5] Yet the Court "is prohibited from providing relief that would effectively reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the State Judgment, or void the rulings issued by the state court in the State Foreclosure Action." *Wilson v. New Jersey, et al.*, No. 17-444, 2017 WL 2539398, at *3 (D.N.J. June 12, 2017) (citing *Francis v. TD Bank, N.A.*, 597 F. App'x 58, 60–61 (3d Cir. 2014)).

Accordingly, as this case satisfies all four *Rooker-Feldman* prongs, the Court is precluded from considering Plaintiff's claims.

### B. Failure to State a Claim

Even if the *Rooker-Feldman* doctrine did not bar all Plaintiff's claims, such claims are dismissed for failure to state a claim because they do not meet the pleading standards set forth in *Iqbal* and *Twombly*.[6] The Complaint contains formulaic recitations of a cause of action's elements and is devoid of sufficient factual content that would "allow[] the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Santiago v. Warminster*

---

[5] Plaintiff is also asking this Court to enter an injunction against the scheduled eviction but, as detailed above, the eviction already took place on November 20, 2019. Id. at 4.

[6] Moreover, it appears some of the claims may be barred as a matter of law. For example, a request for rescission under TILA (Compl. at 6–8) must be brought within three years from the date of closing of the loan; this is a "a firm deadline, *i.e.*, a statute of repose that is not subject to tolling." *Otto v. Wells Fargo Bank, N.A.*, No. 15-8240, 2016 WL 8677313, at *8 (D.N.J. July 15, 2016), *aff'd*, 693 F. App'x 161 (3d Cir. 2017) (citing 15 U.S.C. § 1635(f); *In re Community Bank of Northern Virginia*, 622 F.3d 275, 301 n.18 (3d Cir. 2010)). Thus, the deadline for a claim of rescission expired in June 2009. *See* Compl. at 3 (alleging that the loan at issue closed on June 1, 2006).

*Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citing *Iqbal*, 556 U.S. at 1949). For example, when alleging violations of RICO, Plaintiff merely cites case law and does not allege what actions taken by Defendants constituted "a pattern of Racketeering activity." Compl. at 14–15. Likewise, when alleging violations of the New Jersey Consumer Protection Act, Plaintiff recites the statute but does not allege what actions taken by Defendants constituted "a pattern of unfair practices." Id. at 16. If Plaintiff chooses to amend the Complaint, he is instructed to support all claims with sufficient factual allegations.

        **C.**       **Entire Controversy Doctrine**

To the extent that any cognizable claims survive the *Rooker-Feldman* doctrine and meet the applicable pleading standards, such claims are nevertheless barred under New Jersey's Entire Controversy Doctrine. Under the Entire Controversy Doctrine, the Court cannot hear any claims that were brought or could have been brought in a previous action arising out of the same transaction or occurrence. *Zahl v. Warhaftig*, 655 F. App'x 66, 76 (3d Cir. 2016); *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008). "The application of the entire controversy doctrine turns on three criteria: '(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.'" *Lee v. Ocwen Loan Servicing, LLC*, No. 17-3800, 2018 WL 935426, at *3 (D.N.J. Feb. 15, 2018) (citations omitted).

Here, the Foreclosure Action, a prior state court action, concluded with a final judgment on the merits (*see* ECF No. 6-1, Exh. K) and thus, the first condition of the Entire Controversy doctrine is satisfied. *See Keyes v. Nationstar Mortg., LLC*, No. 12-2649, 2020 WL 6111036, at *7 (D.N.J. Oct. 16, 2020) (citations omitted) ("The rule in New Jersey is that a default judgment is a valid and final adjudication on the merits.").

The second condition is also met because all the parties in the instant action were either parties to the prior state court action or in privity with a party to the state court action. *See Hamburg Music Corp. v. Winter*, No. 04-2738, 2005 WL 2170010, at *3 (3d Cir. Sept. 8, 2005) ("In New Jersey, privity is 'merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the *res judicata*.'") (quoting *Zirger v. General Accident Ins. Co.*, 676 A.2d 1065, 1071 (N.J. 1996)).  Plaintiff and Santander were parties to the foreclosure action. ECF No. 6-1, Exh. K.  PHD&J and Brian Fishman, Esq. were in privity with Santander because they represented the bank in the foreclosure action. *See Camp v. Wells Fargo Bank, N.A.*, No. 16-2463, 2017 WL 738493, at *3 (D.N.J. Feb. 24, 2017) (finding law firm that represented mortgagee in prior foreclosure suit in privity with mortgagee); *Tagayun v. Citibank, N.A.*, No. 05-4302, 2006 WL 5100512, at *5 (D.N.J. June 9, 2006) (holding attorney to party in the first suit was in privity with that party).

Lastly, the third prong is satisfied because both the Foreclosure Action and the present action arise out of First Hallmark's loan to Plaintiff and Plaintiff's default on that loan. *See* ECF No. 6-1, Exh. K; Compl. at 6–18.  The Entire Controversy Doctrine specifically requires that all claims challenging a foreclosure-plaintiff's right to foreclosure—whether they are styled as constitutional, common law, or statutory claims—be joined in the first action. *Bembry v. Twp. of Mullica*, No. 16-5734, 2017 WL 3033126, at *3 (D.N.J. July 17, 2017), *aff'd*, 749 F. App'x 123 (3d Cir. 2018); *see Lee*, 2018 WL 935426, at *3; *Sun NLF Ltd. P'ship v. Sasso*, 713 A.2d 538, 540 (N.J. Super. Ct. App. Div. 1998).  Plaintiff seeks to challenge the Defendants' right to foreclosure and offers no indication that the instant claims were unknown or unaccrued at the time of the Foreclosure Action.  Therefore, the Entire Controversy Doctrine bars Plaintiff's present claims against Defendants, because they were available and could have been litigated in the state court action. *See Zebrowski v. Wells Fargo Bank, N.A.*, No. 07-5236, 2010 WL 2595237, at *6 (D.N.J.

11

June 21, 2010) ("[A]ny conduct of a mortgagee known to the mortgagor prior to the institution of a foreclosure that could be the basis of an independent action for damages by reason of the mortgagee having brought the foreclosure could be raised as an equitable defense in the foreclosure.") (quoting *Sun NLF Ltd.*, 713 A.2d at 540).

## IV. CONCLUSION

For the reasons set forth above, the Court finds: (1) that it lacks jurisdiction to hear Plaintiff's claims; (2) that the Complaint otherwise fails to state a cognizable claim; and (3) that such claims are moreover barred under New Jersey's Entire Controversy Doctrine.

Accordingly, **IT IS** on this 19th day of November, 2020,

**ORDERED** that Defendants' motions to dismiss (ECF Nos. 6, 10) are **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint to the extent he can cure the deficiencies identified herein; and it is further

**ORDERED** that upon the filing of the amended complaint within thirty (30) days of this Order, the Clerk of the Court shall reopen the case; and it is further

**ORDERED** that the Clerk of the Court shall close this case; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Order to Plaintiff.

**SO ORDERED.**

**CLAIRE C. CECCHI, U.S.D.J.**